1

2

3

4

5

6

7

8

9

Magistrate Judge Mary Alice Theiler

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

UNITED STATES OF AMERICA,

Plaintiff,

v.

YING HAO LI,

Defendant.

NO.  MJ20-060MAT

GOVERNMENT'S MEMORANDUM
OPPOSING CUSTODY RELEASE

16

17

18

19

20

21

22

23

24

25

26

27

28

The United States of America, by Brian T. Moran, United States Attorney, and

Donald M. Reno, Jr., Assistant United States Attorney for the Western District of

Washington, file this memorandum opposing Ying Hao Li's (Defendant) custody release.

I.  Introduction

On February 13, 2020, Defendant had his initial appearance on a complaint

charging him with alien smuggling.  The Court ordered Defendant detained until his

detention hearing scheduled for February 18, 2020, at 10:30 a.m.

Defendant has been detained at the Northwest Immigration and Customs

Enforcement (ICE) Processing Center on administrative deportation charges (a Notice to

Appear) since January 29, 2020, following his apprehension on

January 28, 2020. Defendant was transported from ICE detention in Tacoma on

GOVERNMENT'S  MEMORANDUM OPPOSING - 1
DEFENDANTS CUSTODY RELEASE
*U.S. v. YING HAO LI*,  MJ20-060MAT

1  February 13, 2020, for his initial appearance. An ICE detainer was lodged with the

2  Marshall Service on February 13, 2020.

3      At the initial appearance, AFPD Greg Geist, was given a notebook containing

4  comprehensive discovery ("open file") of the evidence supporting this prosecution.

5                                  II. Factual Background

6      The complaint charges Defendant with alien smuggling in violation of

7  8 U.S.C. §§§ 1324(a)(1)(A)(i), (B)(i) and (2)(B)(ii). If convicted of alien smuggling

8  under Section 1324(a)(2)(B)(ii), a <u>mandatory minimum sentence of five years</u> would be

9  imposed as the evidence will establish Defendant smuggled three Chinese nationals for

10  "private financial gain" when all four were apprehended by Border Patrol agents on

11  January 28, 2020, near Lynden, Washington.  *See* Complaint ¶¶ 2-5; *United States v.*

12  *Gonzalez-Torres,* 309 F.3d 594, 601-02  (9th Cir. 2002) (a five-year mandatory minimum

13  sentence was correctly imposed on the basis that each alien smuggled constituted a

14  separate violation of 8 U.S.C. § 1324(a)(2)(B), "the text of the statute unequivocally

15  provides for 'each alien in respect to whom a violation of this paragraph occurs'");

16  *United States v. Tsai,* 282 F.3d 690, 698 (9th Cir. 2002) ("It therefore appears that a

17  single transaction involving three aliens may count as a first, second, and third

18  violation."); *See generally, United States v. Angwin,* 271 F.3d 786, 802-03 (9th Cir.

19  2001)(discussing the distinction in penalties of 8 U.S.C. §§ 1324(a)(1)(A) and the

20  mandatory minimum penalties of 1324 (a)(2) (B)(ii)).

21                                      III. Issue

22      Is Defendant a flight risk under the factors enumerated in the Bail Reform Act, 18

23  U.S.C. 3141, *et seq.*

24                                    IV. Discussion

25  *A.      Factors to be Considered Under the Bail Reform Act*

26      The BRA provides that the Court shall consider the following factors in

27  determining whether a defendant should be granted pretrial release:

28

GOVERNMENT'S  MEMORANDUM OPPOSING - 2
DEFENDANTS CUSTODY RELEASE
*U.S. v. YING HAO LI*,  MJ20-060MAT

1    (g) Factors to be considered.—The judicial officer shall, in determining whether

2    there are conditions of release that will reasonably assure the appearance of the person as

3    required and the safety of any other person and the community, take into account the

4    available information concerning—

5    (1) the nature and circumstances of the offense charged, including whether the offense is
     a crime of violence. . .
6

7    (2) the weight of the evidence against the person;

8
     (3) the history and characteristics of the person, including—
9

10       (A) the person's character, physical and mental condition, family ties,
     employment, financial resources, length of residence in the community, community ties,
11   past conduct, history relating to drug or alcohol abuse, criminal history, and record
     concerning appearance at court proceedings; and
12

13       (B) whether, at the time of the current offense or arrest, the person was on
     probation, on parole,  . . . ; and
14

15       (4) the nature and seriousness of the danger to any person or the community that
     would be posed by the person's release.  . . .
16

17   18 U.S.C. § 3142(g).

18   *B. Analysis of the significant flight risk factors*

19       The government respectfully asks the Court to detain Defendant based on the

20   weight of the evidence against him, his character, employment history,

21   community/family ties, and criminal history.

22       In Defendant's sworn statement to Border Patrol agents following his

23   apprehension, he stated he was unemployed and had recently lost $1,000 gambling in a

24   casino. He claimed his distressed financial status was the motivation for accepting the

25   smuggling opportunity to earn $500. *Id.* ¶10 b.

26       Assuming the facts pled in the complaint are credible and can be proven at trial,

27   the prospect of Defendant being convicted as charged is overwhelming. Pursuant to

28   Section 3142(g)(2), the weight of the evidence against Defendant is a relevant and

GOVERNMENT'S  MEMORANDUM OPPOSING - 3
DEFENDANTS CUSTODY RELEASE
*U.S. v. YING HAO LI*,  MJ20-060MAT

1 important factor in determining flight risk.  *See United States v. Gebro*, 948 F.2d 1118,

2 1121 (9th Cir. 1991) (the fact the defendant's duress defense was rejected in his bank

3 robbery trial and he was sentenced to 132 months, but reversed on appeal, on retrial,

4 defendant's knowledge that his duress was rejected and he would face a lengthy sentence

5 if convicted again was properly considered in the flight risk evaluation).

6      Given the strength of the pending charges, there is no incentive for Defendant to

7 return from Canada to stand trial. The likelihood he will be convicted and sentenced to a

8 mandatory minimum sentence of five years is a fact a rational person in Defendant's

9 position would weigh heavily in electing to remain in Canada.

10      Defendant's predicament is much like the matter that government's counsel

11 prosecuted in 2005 in *United States v. Harminder Singh Jat,* CR05-247JLR. Mr. Jat was

12 charged with the same alien smuggling statute, 8 U.S.C. § 1324(a)(2)(B)(ii), as

13 Defendant. Mr. Jat, was a naturalized Canadian citizen residing in Canada. Border Patrol

14 agents apprehended him after surveillance cameras documented five aliens being

15 smuggled into the United States from Canada and entering Mr. Jat's vehicle. After a

16 complaint was filed, Mr. Jat was granted pretrial release. Dkt # 7. Following the

17 indictment, the matter was set for trial on January 10, 2006. Government's counsel

18 prepared the matter for trial (*See* Dkt. # 22-29). Mr. Jat failed to appear for a status

19 hearing several weeks before trial and a warrant was issued for his failure to appear.  Dkt.

20 # 33-34.  To this day, Mr. Jat has not been seen or heard from.

21      If Defendant were released, he would come to the same realization as

22 Mr. Jat-- better to evade prosecution by remaining in Canada or returning to China than

23 to face a certain conviction and a five year mandatory prison term.

24 *Defendant's character, employment, criminal history, and community ties.*

25      Defendant was convicted of a drug trafficking offense in Canada in 2005 and

26 sentenced to 90 days. He acknowledged in his post arrest statement to Border Patrol

27 agents that he was previously denied entry into the United States because of this

28 conviction. *Id.* ¶ 10a.

GOVERNMENT'S  MEMORANDUM OPPOSING - 4
DEFENDANTS CUSTODY RELEASE
*U.S. v. YING HAO LI*,  MJ20-060MAT

1       Defendant apparently has two minor children in Canada. Assuming that is true, it

2   further aggravates his status as a flight risk. Defendant committed the smuggling act

3   because he was financially destitute with no job and past gambling loses. He has been

4   unemployed for an unspecified period. Defendant's character and past lifestyle in Canada

5   offers no credible reason to dispel the fact he is a substantial flight risk.

6   *Significance of the ICE Detainer*

7       If Defendant is granted pretrial release, he will be returned to ICE detention

8   consistent with the pending ICE detainer. Here, unlike the desire of the overwhelming

9   number of ICE detainees that have appeared before this Court, Defendant would

10  welcome a swift deportation order as it would assure a same day removal to Canada at

11  the Blaine Port of Entry.

12      WHEREFORE, the government respectfully urges the Court to deny Defendant's

13  request for custodial release as there are no reasonable conditions of release that can

14  assure his next court appearance.

15      DATED this 14th day of February, 2020.

16

17                      Respectfully submitted,

18                      BRIAN T. MORAN
                    United States Attorney

19

20

21                      *s/ Donald M. Reno, Jr.*
                    DONALD M. RENO, JR.

22                      Assistant United States Attorney
                    United States Attorney's Office

23                      700 Stewart Street, Suite 5220
                    Seattle, WA 98101-3903

24                      Telephone: (206) 553-7970

25                      Fax: (206) 553-0755
                    E-mail: don.reno@usdoj.gov

26

27

28

GOVERNMENT'S  MEMORANDUM OPPOSING - 5
DEFENDANTS CUSTODY RELEASE
*U.S. v. YING HAO LI*,  MJ20-060MAT

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via e-mail and/or telefax.

*s/Lissette Duran*
LISSETTE DURAN
Paralegal Specialist
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone:    (206) 553-7234
Fax:              (206) 553-2502
E-mail: Lissette.I.Duran@usdoj.gov

GOVERNMENT'S  MEMORANDUM OPPOSING - 6
DEFENDANTS CUSTODY RELEASE
*U.S. v. YING HAO LI*,  MJ20-060MAT

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970